**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William F Forrest, et al., | No. CV-21-01688-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Keith Spizzirri, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Compel Arbitration and Dismiss Action (Doc. 18). Plaintiffs agree that the present case must be resolved in arbitration, but urge that the Court stay, rather than dismiss, their case. (Doc. 21 at 1.) For the following reasons, Defendants' Motion is granted, and this case dismissed without prejudice.

Under the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. "The court's role under the Act is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id.* As the parties agree that they are

bound by enforceable arbitration agreements that cover the instant dispute, the Court will enforce the agreements and compel arbitration.  (Doc. 18 at 1); (Doc. 21 at 1.)

The only remaining dispute is whether this action should be dismissed or stayed while the parties resolve their dispute before the arbitrator.  As Plaintiffs rightly point out, the text of 9 U.S.C. § 3 suggests that the action should be stayed.  *See* 9 U.S.C. § 3 ("[T]he court . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.").  However, the Ninth Circuit has instructed that "notwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration."  *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).  The Court therefore retains discretion to dismiss the action if all claims raised are subject to arbitration.

Here, all claims are subject to arbitration, as Plaintiffs acknowledge.  (Doc. 21 at 1.)  But Plaintiffs argue the action should nevertheless be stayed because the parties contracted for de novo judicial review of any arbitration award, and the Court may be required to confirm an arbitral award under 9 U.S.C. § 9.  (Doc. 21 at 8.)  Neither contention has merit.  First, under the FAA, judicial review of an arbitration award is limited to specific grounds set forth in 9 U.S.C. §§ 10 & 11, and parties to an arbitration agreement may not contract for expanded judicial review.  *See Hall St. Assocs., LLC. v. Mattel, Inc.*, 552 U.S. 576, 583–84 (2008).  Second, that the Court may be required to confirm an award does not weigh in favor of staying the action as the parties remain free to bring an action for confirmation under 9 U.S.C. § 9 even if the action is dismissed.  If the Court has jurisdiction to confirm the award, *see Badgerow v. Walters*, 142 S. Ct. 1310 (2022), it will consider such an action under the applicable statutory standards.

As all claims are subject to arbitration, the Court grants Defendants' motion and exercises its discretion to dismiss this action.

**IT IS ORDERED** that Defendants' Motion to Compel Arbitration and Dismiss

Action (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this case.

Dated this 17th day of June, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge